RED MOUNTAIN CONSOLIDATED MINING COMPANY, RESPONDENT, *v.* ESLER, APPELLANT.

[Submitted April 2. 1896.   Decided April 13. 1896.]

INJUNCTION—*Temporary order—Tenants in common of mining property.*—Where it appeared on application for a preliminary injunction in an action by the owner of the majority interests in mining premises, that the defendant, as lessee of the owner of the minority interests, while not actively excluding plaintiff company, was working the properties and extracting ores therefrom against the protest of the plaintiff, that defendant had promised plaintiff's president to desist but had resumed operations when the latter left the state, and had attempted to conceal shipments of ore, the granting of the injunction on the ground that defendant as a tenant in common was assuming exclusive ownership over the property, within section 592, Code of Civil Procedure, will not be disturbed on appeal as an improper exercise of judicial discretion. (*Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.*, 17 Mont. 519, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

INJUNCTION. Plaintiff's application for a temporary injunction was granted by BUCK, J. Affirmed.

*B. P. Carpenter* and *Massena Bullard,* for Appellant.

I.   One tenant in common of a mine has the right to work it, on failure of his cotenants to work it.   (a) At common law he has the right to work it (and take all the profits). (*McCord*

v. *Oakland Mining Co.*, 64 Cal. 134; *Pico* v. *Columbet*, 12 Cal. 414; 1 Washburn on Real Property, page 694, *et seq.*; *Early* v. *Friend*, 14 M. R. 271, 16 Grattan 21; *Graham* v. *Pierce*, 14 M. R. 308, 19 Grattan 28.)   (b) Properly working a mine by one tenant in common is not waste.   (*McCord* v. *Oakland Mining Co.*, 64 Cal. 139, 142, 148; *Neel* v. *Neel*, 19 Penn. St. 328; *Irwin* v. *Covode*, 24 Penn. St. 162; *Vervalen* v. *Older*, 10 M. R. 540; *Job* v. *Potton*, 14 M. R. 329; *Crary* v. *Campbell*, 3 M. R. 270; *Coleman's Appeal*, 14 M. R. 221; *Early* v. *Friend*, 14 M. R. 271; *Hihn* v. *Peck*, 18 Cal. 643.) (c) A mine is of no value if forever idle.   Mines are useful only for the production of ore.   The general purpose of the ownership of a mine is that ore may profitably be extracted therefrom, and courts will not give to a statute any doubtful construction to prevent the working of a mine.   Public policy will be considered.   (Freeman on Cotenancy, etc., § 249a; *Gaines* v. *Green Pond Mining Co.*, 15 M. R. 153, 159 and cases cited; 4 Kent. (Marg.) page 77; *Falls* v. *McAfee*, 7 M. R. 639.)   (d) The extraction of ore by a proper working of a mine does not lessen its value within the meaning of the Montana statutes, when the ore is accounted for.   The objecting cotenant gains more than he loses.   The extraction of ore is the ordinary use of a mine.   (Cases *supra*.)

II.   (a) Section 529 of the Code of Civil Procedure was not intended to prevent any tenant in common from properly working a mine in case his cotenants refused to work it or join with him in working it.  (b) The owner of the greater interest may always control the working of the mine.   If no tenant in common wishes to work it it may be idle.   If all work it together, there is a mining partnership, and the majority in interest can control.   In this case there is no semblance of a mining partnership.   (Civil Code of Montana, §§ 3350, 3359; *Stuart* v. *Adams*, 89 Cal. 367.)   If the majority in interest will not work it at all, this failure to work it will not be permitted to freeze out the minority interest.   (c) Section 592 was intended to prevent, not the use, but the abuse of common property by a cotenant.

*H. G. & S. H. McIntire,* for Respondent.

Per Curiam.—The defendant appeals from an order granting an injunction *pendente lite.* Plaintiff is owner of the majority fractional interests in certain mining claims. Defendant is lessee from the owner of the minority fractional interests of said claims. Plaintiff asked a preliminary injunction, which was granted, restraining defendant from working the mines. From that order this appeal is taken.

These temporary injunctions rest largely in the discretion of the district court. (*Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.,* 17 Mont. 519, and cases cited.) We think that it appears from the record sufficiently to justify the discretion exercised by the district court that the defendant was alone working the mines; that, while he was not actively excluding the plaintiff from participation in the work, still the defendant was acting alone, and against the protests and objections of the plaintiff; that after the plaintiff, through its president, so objected and protested, the defendant promised to cease operations; that after this promise the president of the plaintiff, who seems to have been acting in its behalf, left the state temporarily, and that thereupon the defendant again commenced to prosecute his mining operations; that, while defendant alleges he is willing to account for the proceeds of the ore mined, still it appears that the plaintiff, through its president, was obliged to resort to the proceeding of stopping payment for the ores at the smelter, in this state; and that, after payment on said ores had been so stopped, the defendant clandestinely shipped the next quantity of ores to a smelter outside of the state. While expressing at this time no opinion as to what should be the final decision of the case after all the facts appear upon examination and cross-examination of witnesses, we are of opinion that the facts recited, and before the district court, were sufficient to sustain the discretion of that court in finding, as a preliminary question, that the defendant was assuming and exercising exclusive ownership over the property jointly owned by the parties. (Code of Civil Pro-

cedure, § 592; *Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.*, 17 Mont. 519.) The order of the district court is affirmed.

*Affirmed.*