SCHILLING, RESPONDENT, v. REAGAN, SHERIFF, ET AL., APPELLANTS.

[Submitted May 5, 1897.   Decided May 17, 1897.]

*Judgment by Default—Action to Vacate—Foreign Corporation—Temporary Injunction—Discretion.*

SUMMONS—*Judgment by Default.*—A defendant in an action in a justice's court who appears generally in a motion to set aside a default alleged to have been improperly taken, and who, upon denial of the motion, appeals to the district court, where the appeal is dismissed, thereby waives any irregularity in the summons, and cannot maintain a suit to set aside the judgment on account of such irregularity.

JUDGMENT—*Action to Vacate.*—An action to vacate a judgment will not be sustained, when based upon grounds which could have been litigated in the former action.

SAME.—For the reason stated, an action will not lie to set aside a judgment obtained by a foreign corporation, because it has not complied with the state law regulating the right of such corporations to contract, etc., in this state, as this question could have been raised in the action in which the judgment was obtained.

TEMPORARY INJUNCTION—*Discretion.*—Although the granting of a temporary injunction is a matter of discretion, still that discretion must be sound, and is subject to review; and where it appears from all the facts that the order was improperly granted, it may be reversed on appeal.

*Appeal from District Court, Silver Bow County.   William Clancy, Judge.*

AN ACTION by Adolph Schilling against P. H. Reagan,

sheriff of Silver Bow county, and others. Judgment for plaintiff, and defendants appeal. Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff in this action sued the defendants to annul a judgment of a justice of the peace rendered against him in Silver Bow county. It appears from the record that on the 26th day of August, 1896, the defendant Wagg-Anderson Woolen Company recovered a judgment by default against the plaintiff in this action before George H. Chapman, who was then justice of the peace in and for South Butte township, in said county, for the sum of $42.05; that the defendant Ducie is the successor in office of said Chapman; and that the defendant Reagan is the sheriff of Silver Bow county. The record further shows that, after said judgment in the justice's court was rendered by default as aforesaid against the plaintiff in this case, he appeared in said justice's court, and moved to set aside the default on the ground of mistake; the alleged mistake being that the defendant Schilling was summoned to appear at 2 o'clock a. m. of the return day of said summons, instead of 10 o'clock a. m. The motion to set aside the default was supported by the affidavit of Schilling, his attorney, and his attorney's clerk. This motion was resisted on the affidavit of the constable, one Wedekind, who testified that a copy of the summons served upon Schilling did not contain the mistake sworn to by Schilling, his attorney, and his attorney's clerk aforesaid. The justice overruled plaintiff's motion to set aside the default, whereupon the plaintiff, Schilling, appealed to the district court of Silver Bow county. His appeal was for some cause dismissed by the district court, and the judgment of the justice of the peace affirmed, whereupon Schilling brought this action to annul the judgment of the justice of the peace, alleging the mistake in the summons, and the insufficiency thereof, upon which he relied in his motion to set aside the judgment rendered against him by said justice, and also on the ground that the Wagg-Anderson Woolen Company is a foreign corporation doing business in this state; that the

same had failed to file in the office of the secretary of state, or in the office of the county recorder of Silver Bow county, or any other county of this state, a duly-authenticated copy of its charter or certificate of incorporation, or statement verified by the oath of its president or secretary, or a majority of its board of directors, showing the name of such corporation, with the location of its principal office or place of business without this state, or the location of its principal office or place of business within this state, or the amount of its capital stock, etc., as required by law, or to designate as agent a citizen of Montana, or any person whomsoever upon whom service of summons might be had, and to do such other things as is required by law in relation to foreign corporations desiring to do business in this state; claiming that by reason thereof the said justice of the peace who rendered such judgment against this plaintiff had no jurisdiction to entertain said cause, or enter said judgment or any judgment against this plaintiff.

The judge of the district court of Silver Bow county issued a temporary injunction against the sheriff, restraining him from executing the execution issued out of said justice's court on said judgment in favor of the Wagg-Anderson Woolen Company against Schilling, as shown above.

Thereafter the defendants in this case moved the district court to dissolve the injunction on the ground that there were no sufficient grounds shown for the issuing thereof. The motion to dissolve was made upon affidavits showing all the facts contained in the statement of this case. The court denied the motion to dissolve the injunction, and from this order the appeal is prosecuted.

*Hinkle & Shelton,* for Appellants.

*Carroll & Leehey,* for Respondent.

PEMBERTON, C. J.—The only question presented by this appeal is as to whether the lower court erred in refusing to dissolve the temporary injunction issued in this case.

From the showing made by the defendants in support of their

motion to dissolve the temporary injunction, it clearly appears that the plaintiff, who was the defendant in the justice's court against whom the judgment now sought to be annulled was rendered, after the judgment was rendered appeared in said justice's court, and moved the court to set aside the same. This motion was heard and determined by the justice. The decision being against plaintiff herein, he appealed to the district court. For some reason his appeal to the district court was dismissed, and the judgment of the justice thereby affirmed. It thus appears that the plaintiff not only had a legal remedy by appeal to the district court from the judgment of the justice, but that he availed himself of it. Whatever defects there may have been in the summons issued by the justice were cured by Schilling's appearance, and moving the justice to set aside the judgment, and his subsequent appeal to the district court. (*Gage* v. *Maryatt*, 9 Mont. 265, 23 Pac. 337.)

The respondent says that his action to annul the judgment of the justice is based on two grounds, to wit, the alleged defect in the justice's summons, and the inability of the defendant corporation to maintain this action by reason of its failure to comply with the law of the state regulating the right of foreign corporations to contract and sue upon contracts in this state, as shown in the foregoing statement.

But in reply to this we may say that Schilling could have made this defense in the justice's court, if there is any merit in it, or he could have made use of this defense as a ground for setting aside the judgment in the justice's court, and had both these questions tried de novo in the district court on his appeal. So that whatever merit there may be in the contention that the claim sued on in the justice's court was invalid, and that the justice had no authority in law to enter judgment thereon, because of the corporation claimant having failed to comply with the law in relation to foreign corporations doing business in this state, we think it cannot avail the plaintiff in this action, for the reason given above.

The respondent in this suit contends that the court below

committed no error in refusing to dissolve the injunction, because, he says, this court has time and again held that the granting or refusing to grant a temporary injunction is a matter of discretion.

This court has frequently held that the granting of a temporary injunction in a proper case, and upon a reasonable showing, is a matter within the discretion of the lower court. But by "discretion" in such cases is meant a sound judicial discretion. We certainly have never held that it was a matter of discretion whether a district court would grant a temporary injunction in any and all kinds of cases, with or without a reasonable showing. When it appears from the nature of the case and all the facts that a party is not entitled to an injunction, the granting thereof is error, because unauthorized. The granting of an injunction is not, in such cases, a matter of discretion.

We think the court erred in refusing to dissolve the temporary injunction on the showing of the defendants.

The order appealed from is reversed, and the cause remanded, with direction to dissolve the injunction.

*Reversed and Remanded.*

HUNT and BUCK, JJ., concur.