HON. WILLIAM H. HUNT,
HON. WILLIAM T. PIGOTT, } Associate Justices.

DANIEL W. CONNOLE, ET AL., RESPONDENTS, *v.* BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY ET AL., APPELLANTS.

[Submitted February 17, 1898. Decided March 7, 1898.]

*Injunction—Discretion—Tenants in Common of Mining Claims.*

1. INJUNCTION—*Discretion.*—An order granting a preliminary injunction will not be disturbed, unless, as a matter of law, under the circumstances disclosed, the plaintiff was not entitled to the order.

(523)

2. MINING CLAIMS—*Tenants in Common.*—Under Section 592, Code of Civil Procedure, one co-tenant has the same remedy by injunction against his co-owner, who assumes exclusive ownership over or destroys or lessens the value of the property held in common, as he would have if the acts complained of were those of a stranger to the title.

3. SAME.—*Held*, accordingly, that a tenant in common is entitled to an injunction restraining his co-tenant from constructing, over the premises owned by them in common, a tramway, which was intended to be used by the defendant only and for the benefit of its own separate property.

*Appeal from District Court, Silver Bow County. William Clancy, Judge.*

ACTION by Daniel W. Connole and others against the Boston & Montana Consolidated Copper & Silver Mining Company and another. From the granting of an injunction *pendente lite*, defendants appeal. Affirmed.

*William H. De Witt, J. F. Forbis* and *Louis Marshall*, for Appellants.

*J. J. McHatton* and *Robert B. Smith*, for Respondents.

PIGOTT, J.—This is an appeal by defendants from an order granting an interlocutory injunction, restraining them from constructing or operating a tramway over the surface of the Snohomish lode claim, situate in Silver Bow county.

It appears from the pleadings and admissions that the plaintiffs and the defendant Butte & Boston Consolidated Mining Company are tenants in common of the lode claim, plaintiffs owning an undivided one-half interest therein, and said defendant the other half; that all the acts of the defendant Boston & Montana Consolidated Copper & Silver Mining Company which are complained of were performed with the consent of its co-defendant; that defendant entered upon the claim for the purpose of constructing a tramway thereon; that the tramway, when constructed, was to be the property of the defendant Butte & Boston Consolidated Mining Company, and to be used by it for its benefit. The complaint alleges, among other things, that defendants had removed earth and rock from the surface of the claim, and had constructed ditches, and thrown up a large embankment thereon, and thereby de-

stroyed the surface in divers places, and were constructing a tramway; that defendants are threatening to continue the trespasses, and to construct such tramway, for the purpose of hauling different kinds of material thereover; and that, unless restrained, defendants would repeat the trespasses, and plaintiffs would be obliged to bring a multiplicity of suits against them; and that, unless restrained, they would construct and operate a tramway in disregard of plaintiffs' rights, and so as to impose a great burden upon the interest of plaintiffs in the claim.

The answer denies any destruction of the surface, and alleges that the surface is valuable only for rights of way, and for mining operations.

Upon the hearing of the order to show cause why an injunction *pendente lite* should not issue, evidence was adduced tending to support the allegations of the complaint, and to the effect that the tramway in question is intended to be a permanent structure, built by throwing up an embankment and laying ties and railroad iron thereon for the purpose of running cars over it, and that the intention of the defendants was and is to extend the tramway over the Snohomish claim, and thence northerly beyond that claim to other mines owned exclusively by the defendants. and to haul ores over the tramway from these mines to the smelter of the Butte & Boston Company; that a portion of the embankment near the shaft of the Snohomish lode is about 15 feet in height on the uphill side; that the tramway as now constructed is in part on trestles; that the tramway is an obstruction to the road now upon the Snohomish claim; that the tramway as laid out would be an injury to the claim, and would interfere with the sinking of the shafts on the easterly part of the ground, and with the dump from a shaft now on the claim; that the tramway would also interfere with work necessary to be done for the ascertainment of the apex of the vein; that a tramway across a mine is always an objectionable feature, and is never permitted unless laid by the owners for their own use. It further appeared that the plaintiffs are not mining the ground, and that the de-

fendant Butte & Boston Consolidated Mining Company, through its lessees or licensees, is mining the claim, and that these persons have no lease or permission from plaintiffs to mine.

While some testimony was given from which the inference might, perhaps, be drawn that the tramway would not seriously interfere with the enjoyment and use of the claim, still the evidence tended to prove the material allegations of the complaint, and was of a character sufficiently substantial to warrant us in holding that the court below did not abuse its discretion in granting the temporary injunction, unless, as a matter of law under the circumstances disclosed, plaintiffs are not entitled to enjoin defendants from committing the supposed trespasses upon the common property.

May one co-owner, under the facts which, for the purposes of this appeal, must be assumed to exist, maintain a suit for an injunction against his co-owner ? We think the question is answered by this court in *Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.*, 17 Mont. 519, 43 Pac. 924. In that case, Section 592 of the Code of Civil Procedure was interpreted. It was so construed as to confer upon a tenant in common the right to an injunction against a co-tenant who assumes and exercises exclusive ownership over, or destroys, lessens in value, or otherwise injures, the property, whenever he would have such right as against a stranger to the subject of common ownership. If the question were one of first impression in this court, the writer would not be prepared to yield assent to the doctrine of the case cited. But the rule announced is now the law of the state. Moreover, it has, presumptively, met with popular approval, since the Legislative Assembly has not seen fit to make any change affecting Section 592. (*District of Columbia* v. *Woodbury*, 136 U. S. 457, 10 Sup. Ct. 990 ; *Sullivan* v. *City of Helena*, 10 Mont. 144, 25 Pac. 94.) If the rule announced is not satisfactory to the people, it can be abrogated by statute.

Following the principle upon which the case in 17 Mont. and 43 Pac. was decided, we must hold that the acts of the

defendants constitute an assumption and exercise of exclusive ownership over a portion of the property owned in common by plaintiffs and defendant Butte & Boston Consolidated Mining Company. The tramway is the property of one of the defendants. It is a permanent structure. It can be used for no purpose other than that intended by defendants, and is designed to be used by defendants, and not by plaintiffs. Nor is this use to be limited to the Snohomish claim. On the contrary, one purpose of its construction is to provide a means for hauling ores over the common property from the mines owned by the defendants to the smelter of one of them. Such additional burden upon the interest of plaintiffs will not be permitted without their consent. (See *Palmer* v. *Palmer*, 150 N. Y. 149, 44 N. E. 966.)

The acts of the defendants, as characterized by their admissions, amount to an ouster of the plaintiffs from that portion of the surface of the claim which is covered by the tramway. (*Bennett* v. *Clemence*, 6 Allen 10; *Byam* v. *Bickford*, 140 Mass. 31, 2 N. E. 687; *Shumway* v. *Holbrook*, 1 Pick. 117; *Gordon* v. *Pearson*, 1 Mass. 323.) Injunction is an appropriate remedy as against a stranger for the injury threatened (*Payne* v. *Railroad Co.*, 46 Fed. 546), and may be invoked, also, to prevent a multiplicity of actions at law to recover damages for injuries suffered by reason of such trespasses as the defendants declare they will commit. (*Pappenheim* v. *Railway Co.*, 128 N. Y. 436, 28 N. E. 518.)

*Ingalls* v. *Newhall*, 139 Mass. 268, 30 N. E. 96, is not in point. There the structure erected upon the common property was temporary in character, easily susceptible of removal, and was used by all the co-owners.

The court did not err in granting the injunction *pendente lite*. The order appealed from is affirmed, with costs.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.