[L. A. No. 580. Department Two.—July 14, 1898.]

S. A. BARBOUR et al., Respondents, v. WARREN J. FLICK, Appellant. S. A. BARBOUR et al., Appellants, v. WARREN J. FLICK, Respondent.

APPEAL—DELAY IN FILING BRIEF—CROSS-APPEALS—DISMISSAL.—Where cross-appeals have been taken, under a stipulation that they were both to be heard on the same transcript, which was prepared and filed by the defendant, who also filed his opening brief within thirty days thereafter, the appeal of the plaintiff will not be dismissed for his failure to likewise file his opening brief within that time, when it appears that his default was due to the mistaken belief that under the stipulation he was to print his opening brief on his appeal under the same cover with his answer to the defendant's opening brief, and no delay in the hearing of the appeals has been or will be occasioned thereby.

MOTION to dismiss an appeal from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Puterbaugh & Puterbaugh, for Defendant and Appellant.

Patterson Sprigg, and McDonald & McDonald, for Plaintiffs and Appellants.

THE COURT.—There are cross-appeals in this case, by the plaintiff from a part of the judgment, and by the defendant from an order denying his motion for a new trial. By stipulation both appeals were to be heard on the same transcript, and defendants' attorneys prepared and filed it. They also filed their opening brief within thirty days after filing the record here, but plaintiff did not, within that time, file any brief in support of his cross-appeal, and defendant has moved under the rule to dismiss it. Plaintiff excuses his failure to comply with the rule by showing that he was under the mistaken belief that the stipulation as to the single record for both appeals also provided that he should print the opening brief on his appeal under the same cover with his answer to defendant's opening brief—which he has done since notice of the motion to dismiss was served. Defendant's attorneys admit that this method of presenting the cross-appeal is convenient, and that they would very willingly have consented to it if they had been requested. They also admit that no delay in the hearing of the appeal has been or will be occasioned. Under the circumstances we think it would be too severe a penalty to enforce the rule by dismissing the appeal.

Motion denied.