# BUTTE & BOSTON CONSOLIDATED MINING COMPANY, Appellant, *v.* MONTANA ORE PURCHASING CO., Respondent.

[Submitted Sept. 29, 1898.  Decided Nov. 21, 1898.]

*Corporation—Manager, Authority of—Presumption—Burden of Proof—Mining Claims—Tenants in Common—Interlocutory Injunction—Discretion—Practice.*

1. CORPORATION—*Manager, Authority of—Presumption—Burden of Proof.*—Corporations are bound only by the acts and contracts of their agents within the scope of their authority.  There is no presumption that the general manager of a corporation has authority to grant a right of way over land belonging to it; and the burden of proving such authority is upon him who asserts a right to the easement.
2. MINING CLAIMS—*Tenants in Common—Injunction.*—Under Sec. 592, Code of Civil Procedure, which provides that if any person shall assume and exercise exclusive ownership over, or take away, any property held in tenancy in common, the party aggrieved shall have his action for the injury in the same manner as if such tenancy in common did not exist, a tenant in common of a mining claim may enjoin his co-tenant from maintaining a tramway over the claim.
3. INTERLOCUTORY INJUNCTION—*Discretion.*—Although the granting or refusing an interlocutory injunction is a matter within the discretion of the lower court, the appellate court will reverse an order where there has been an abuse of discretion.
4. SAME—*Practice.*—Upon the hearing of an application for an injunction (or for dissolving an order granting an injunction) the plaintiff may use in support of his application affidavits and oral testimony.
5. SAME.—Where a temporary restraining order was dissolved on insufficient evidence, the court, on appeal, will not direct the trial court to leave such order in force, but will order a new hearing.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by the Butte & Boston Consolidated Mining Company against the Montana Ore Purchasing Company to enjoin the maintenance of a tramway.  From an order dissolving a temporary restraining order, and refusing an injunction *pendente lite*, plaintiff appeals.  Reversed.

*Wm. II. De Witt, John F. Forbes* and *Louis Marshall*, for Appellant.

*Clayberg & Corbett* and *J. J. McHatton*, for Respondent.

PIGOTT, J.—This appeal is from an order made April 6, 1898, dissolving a temporary restraining order theretofore granted on the application of the plaintiff, and refusing the plaintiff an injunction *pendente lite* against the maintenance by the defendant of a tramway.

1.    Plaintiff and defendant are owners in common of the Snohomish lode mining claim.    Defendant has constructed a tramway over a portion of the claim, and uses it for the purpose of conveying ores from the Rarus mine to a bin built by defendant on the common property. The Rarus mine is owned by the defendant, as are also the tramway and ore bin.    This tramway and bin are used by the defendant alone, and cannot be utilized by plaintiff in its mining operations.    In the event plaintiff desired to erect works, it could not do so on that part of the claim over which the tramway runs.    Plaintiff insists that the tramway and bin were placed upon the common property wrongfully, and without its consent or the consent of its predecessor in interest; while the defendant pleads that the structures were erected with the consent of the grantor of plaintiff.    To sustain the allegation that the tramway and bin were built upon the property with the consent of the plaintiff, defendant introduced in evidence certain correspondence between one Palmer who was general manager of the Butte & Boston Mining Company, the immediate grantor of the plaintiff, and the defendant.    If Palmer was clothed with the power to confer upon the defendant a right of way for the tramway, the question would be presented as to whether or not the route agreed upon was followed by defendant in laying the tramway. We find it unnecessary, however, to determine the latter question, since we are of the opinion that Palmer was not, in virtue of his office as general manager, authorized to grant for his company either an easement or a license.    In the late case of *Great Falls Water Works Co.* v. *Great Northern Ry. Co.*, 21 Mont. 487, 54 Pac. 963, we declined to express an opinion upon the question now presented.    But we think there can be only one answer made:    Corporations, like natural persons, are bound only by the acts and contracts of their agents done

and made within the scope of their authority. There is no presumption that the general manager of a corporation has power to convey its lands, or to grant an easement or give a license therein. (See *Walrath* v. *Champion Mining Co.* (May 23, 1898), 18 U. S. Sup. Ct. 609; *Kipp* v. *Coenan*, 55 Iowa 63, 7 N. W. 417; *Stow* v. *Wyse*, 7 Conn. 214; *Leggett* v. *The New Jersey Mfg. & Bkg. Co.*, 1 N. J. Eq. 541.) The defense so interposed rests upon the acts of the general manager of the corporation which conveyed the land to plaintiff; and the burden was upon defendant to show that he had the authority to grant the right of way over, or to permit a license to be exercised on, the property. The failure of defendant to prove that such power had been lodged in the general manager makes further discussion of this defense unnecessary.

2. Inspection of the record discloses that in all substantial matters the defendant in this case is in the attitude and position of the defendants in *Connole* v. *B. & M. Con. Copper and Silver Mining Co.*, 20 Mont. 523, 52 Pac. 263; and the facts shown by the record before us so closely resemble those presented in the case cited as to demand the application of the same rules. We held in the Connole case that the court below did not abuse its discretion in granting a temporary injunction upon facts similar to those presented in the case at bar, and that, under Section 592 of the Code of Civil Procedure, the acts of the defendants constituted an assumption and exercise of exclusive ownership over a portion of the property owned in common by them and the plaintiff, and that injunction, being an appropriate remedy as against a stranger, was properly granted against the defendants for the purpose of restraining the continuance of such trespass, and thus to prevent a multiplicity of actions at law to recover damages which would be occasioned thereby. The repetition of the trespass would render defendants liable to continued actions, in which the amout of recovery would be the damage sustained by the plaintiff up to the time of the commencement of each action. (*Pappenheim* v. *Metropolitan Elevated Railway Co.*, 128 N. Y. 436, 28 N. E. 518.) The doctrine which was declared applicable

to the facts in the Connole case is controlling in the case now before us.

Defendant claims, however, that the granting or refusal of an interlocutory injunction is a matter within the discretion of the lower court, and that, therefore, this court will not, on appeal, interfere with the exercise of that discretion. Ordinarily, the rule is as stated, for it is well established that the action of the court or judge below in granting or denying an injunction will be affirmed unless error clearly appears. But it is also well settled that the appellate court will not hesitate to reverse an order granting or denying an injunction if the court or judge *a quo* has abused its or his discretion. As was said in *Shilling* v. *Reagan*, 19 Mont. 508, 48 Pac. 1109, by discretion in such cases is meant a sound judicial discretion— not an arbitrary one, nor a discretion exercised contrary to the law applicable to the facts proved. In this case the right to an injunction pending the controversy was shown on the hearing, and, indeed, the district court in effect so decided, although it denied the injunction upon the wholly untenable ground that an injunction would throw out of employment a large number of men then working in the Rarus mine.

3. A question of practice has been suggested. The temporary restraining order was granted without notice to the defendant, and the order to show cause why an injunction *pendente lite* should not be issued was heard with the application of defendant to dissolve the restraining order. The application of the defendant to dissolve was supported by affidavit. The court received oral testimony upon the hearing, but declined to consider affidavits on the part of the plaintiff in opposition to the application by defendant, the reason given by the court being that, under Sections 875, 877 and 878 of the Code of Civil Procedure, plaintiff was permitted to oppose the application to dissolve either by affidavit or oral testimony, but not by both, and that, as plaintiff had introduced oral testimony, it would not be allowed to use an affidavit. To dispose of this matter, it is sufficient to say that plaintiff was not limited to the right to use one only of the two sorts of evi-

dence recognized as admissible by the sections cited, and the fact that it had seen fit to avail itself of oral testimony was no reason for excluding evidence in the shape of written testimony. · Since the application to dissolve was supported by affidavit, the plaintiff had the privilege of presenting all evidence at his command in opposition to the application, whether such evidence was oral or written, and the statute is not susceptible of the interpretation which the court below gave it.

We are urged by the plaintiff to direct the district court to leave the temporary restraining order in force, and to continue it until the final trial of the cause. But we do not know what might be shown on a new hearing in the court below (if one he had), and the suggestion, therefore, does not seem to us to be one which should be adopted.

Upon the evidence adduced at the hearing, plaintiff was entitled, as a matter of law, to a temporary injunction. If plaintiff renews its application for a temporary injunction, the court below is advised to hear the same upon the evidence already received at the former hearing, supplemented by such further proofs as either party may adduce. The orders appealed from are reversed, and the cause is remanded for further proceedings by the district court not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

PEMBERTON, C. J., and HUNT, J., concur.