BOSTON & MONTANA CONSOLIDATED COPPER
AND SILVER MINING CO., APPELLANT, *v.* MON-
TANA ORE PURCHASING CO. ET AL.,
RESPONDENTS.

(No. 1,559.)

In the matter of the petition of the respondent Montana Ore Purchasing Co.

(Submitted February 16, 1901.   Decided February 16, 1901.)

APPLICATION for leave to file a petition for a rehearing on the question of the qualification of F. Augustus Heinze as surety on a bond. Application denied.

*Messrs. Forbis & Evans* and *Mr. Wm. H. DeWitt,* for Appellant.

*Messrs. McHatton & Cotter* and *Messrs. Toole & Bach,* for Respondents.

Opinion and order: *Per Curiam.*

The petition of the respondent Montana Ore Purchasing Company praying the court to grant a rehearing on the question of the qualification of F. Augustus Heinze as surety on the bond or undertaking of $550,000 heretofore filed in the action above entitled, or, in the alternative, that a re-examination of said Heinze as surety on said bond or undertaking be allowed, so as to enable him to give a detailed statement as to the value of all his property, to the end that the Montana Ore Purchasing Company and said Heinze may thereby be enabled to protect themselves as to their credit and financial standing, and praying also that the record of the examination of said Heinze as surety be corrected in respect of certain alleged errors referred to in the petition, is presented in open court, together with the affidavits of F. Augustus Heinze and Arthur P. Heinze in support thereof, and leave is asked to file the same, which motion the Court takes under advisement:

And now, upon consideration of the subject-matter of the petition, the Court is of the opinion that no further proceeding is necessary, since no just or fair construction of the language used in the order of January 22, 1901, touching the qualification of the sureties on the additional bond, can be made to the effect that the Court believed or held that as a matter of fact the said F. Augustus Heinze was or was not worth as much as he claimed to be, namely, ten million ($10,000,000) dollars. The Court is of the opinion that the only reasonable construction of which the language of the order is susceptible is that upon the evidence as submitted it did not appear that said Heinze had qualified in a sum in excess of the sum of $200,000, named in the Court's order, over and above his liability on the previous bond, exclusive of the stock owned by him in the Montana Ore Purchasing Company, as it was apparent to the Court

that the surety did not describe in detail the property which he claimed to own, his reference to his property being with some exceptions in general terms, and not of sufficient particularity to give the Court the information necessary on a hearing for the purpose of justification.

It appearing therefore that the Court did not decide or intend to hold that said F. Augustus Heinze was financially responsible (after excluding his shares in the capital stock of the Montana Ore Purchasing Company) to the extent of $200,-000 only, but did determine simply that the evidence as taken and reported at the particular hearing failed to show that said Heinze had qualified as surety for more than $200,000 upon the additional bond or undertaking required to be given by the order of December 5, 1900, and that said order could in no wise be interpreted as declaring him to be actually worth less than the amount ($10,000,000) which on the hearing he asserted the net value of his property to be, without properly specifying the various items thereof, going to establish his qualification in an amount exceeding $200,000; and it further appearing that the order of January 22, 1901, was in all respects correct upon the evidence as taken and reported:

The Court orders that the application for leave to file said petition be and the same is hereby denied.

*Denied.*