**ROBINSON et al. v. LOGAN.**

No. 11842—Opinion Filed Dec. 11, 1923.

1. **Mines and Minerals—Receivership in Partition Suit.**

Where a receiver is appointed in a partition suit over mining property under paragraph one, section 518 Comp. Stat. 1921, the pleadings, facts, and circumstances must show that the cause comes within the provisions of said paragraph.

2. **Same—Necessary Showing.**

The party applying for receiver in such an action over mining property under said paragraph must show a clear case under the provisions therein and that his rights will be jeopardized unless the receiver is appointed.

3. **Same—Statutory Grounds.**

"Other cases" mentioned in paragraph six of said section refers to cases not included in paragraph one.

4. **Same—Actions Between Partners — Erroneous Appointment of Receiver.**

Where partners bring suits against each other on the same day to sell a lead and zinc mine and its equipment, and one is in possession by contract and has expended large sums of money in developing the mine without reimbursement and is asking for judgment for expenses incurred and a lien on the proceeds of sale to secure the same, and the other is asking for an accounting and a receiver to take charge of the property to continue the development and protect the lease and the facts and circumstances show that the property is being taken care of and developed and protected with reasonable diligence in the hands of the partner in possession and he is solvent and both partners are tendering judgment to each other for an undivided half interest and consenting and asking for a sale of the property and the proceeds of the sale to be divided, and it does not appear that any person's interest will be prejudiced thereby, it is error for the court to appoint a receiver.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Actions between J. F. Robinson, executor of the estate of J. E. Pottorff, deceased, and Wesley M. Smith, and W. H. Logan, consolidated in the lower court. From the judgment, Robinson, executor, and Smith appeal. Reversed and remanded, with directions.

Arthur Croninger and L. A. Wetzel, for plaintiffs in error.

Dick Rice, for defendant in error.

Opinion by THREADGILL, C. On October 12, 1920, J. E. Pottorff and W. M. Smith filed suit in the district court of Ottawa county against W. H. Logan, George A. McConnell, Henrietta Dixon, and Miami State Bank, asking that they be adjudged to be the owners of an undivided one-half interest in a lead and zinc mining lease on W. ½ of S. E. ¼ of N. E. ¼ of section 18, township 29 north, range 24 east, in Ottawa county, Okla., and to determine the amount due them from the defendants as cotenants for their expenses in developing the mine on said property, and that the same be decreed as a prior lien on said leasehold property, and that the said leasehold property be sold and the proceeds divided under the order of the court. This case was numbered 4381.

On the same date, October 16, 1920, W. H. Logan filed suit in the same court against the said J. E. Pottorff and Wesley M. Smith, as defendants, setting up his claim to an undivided one-half interest in said leasehold property, and stating that the defendants are now in possession of said property and deny him any title or interest in the same, and threaten to blow up the said mine in order to deprive him of his interest; that the defendants are appropriating to their own use the proceeds derived from the sale of ores from said mine, that the said mine is not susceptible of a parti-

tion in kind, and the same should be sold and the proceeds divided, and that pending the suit a receiver should be appointed to protect the property and the plaintiff's interest, for all of which he prays. This suit was numbered 4382. The death of J. E. Pottorff having occurred after the suits were filed, the cause was revived in the name of J. S. Robinson, as executor of the estate of J. E. Pottorff, deceased.

On October 20, 1920, the two cases were consolidated under case No. 4382, in which W. H. Logan was plaintiff and J. E. Pottorff and Wesley M. Smith were defendants. In this opinion W. H. Logan will be designated as plaintiff and J S. Robinson, executor, and W. M. Smith as defendants.

On October 20, 1920, the plaintiff gave notice of his application for a receiver to be appointed to take charge of the leasehold property, and on the same day, the defendants filed their answer and objections to plaintiff's application for the appointment, in which they admit that they are in possession of said mining property, and have been in possession by and with the consent of the plaintiff's assignor and with the understanding that they should remain in possession until they should be reimbursed for the money expended by them in developing said property, and they deny that they committed waste, and deny that they have disputed the plaintiff's title, and they say that plaintiff had knowledge of their agreement with his assignor, McConnell, at the time he bought his interest in the property, and they further state that they were solvent and financially able to respond in damages to any violation of any rights to the plaintiff, and that they are willing to let all of said property be sold on judgment of partition and permit the question of their equitable rights to be determined and adjudged in the distribution of the proceeds of said sale. The plaintiff filed a reply to the answer and objections of the defendants which was in the nature of a general denial.

The facts were substantially as follows: George A. McConnell was the owner of a lead and zinc mining lease on said land, and had expended about $14,000 in developing a lead and zinc mine, and exhausted his funds, and for the purpose of continuing the work he sold the defendants an undivided one-half interest in the lease and made a contract with them that they were to have possession and continue the work of developing the mine, and expend for their interest in the lease the same amount he had expended, and if they sold the lease before they had expended that amount, he was to have the difference in his favor in division of the proceeds.

They took possession under this contract, and continued the work, and at the time the suits were brought they claimed they had spent about $27,000, being $14,000 more than the sum agreed on as the consideration for their interest, and, besides, they had placed on and used certain personal property in the work apart from the equipment belonging to the leasehold property.

After McConnell had assigned a half interest to the defendants as above stated he assigned the other half to the plaintiff, and plaintiff mortgaged his half interest to the Miami State Bank, one of the defendants in the suit brought by Pottorff and Smith.

On the same day, being the 20th day of October, 1920, the court appointed a receiver in said cause, announcing from the bench the appointment. Whereupon, the defendants announced that they withdrew their offer to allow the property to be sold, and thereafter the journal entry was prepared and signed by the trial judge, the following statement being a part of the order:

"Whereupon, said application for receiver was submitted to the court upon the pleadings in said consolidated cause and upon statements of counsel for the respective parties, plaintiff and defendants, and after being fully advised in the premises the court grants said petition for a receiver as prayed for by the plaintiff, W. H. Logan."

On October 23, 1920, the defendants filed a motion to set aside and vacate the order allowing and appointing the receiver which motion was as follows:

"1. Because the said order appointing a receiver was improvidently made in this, that the said J. E. Pottorff and W. M. Smith, by their written answer and response to the application of the said W. H. Logan for a receiver herein admitted that the said W. H. Logan was a tenant in common with the plaintiff in the property which the said Logan by his suit sought to partition, and offered to permit the said Logan, plaintiff, to take judgment in partition, as prayed in his petition, and to immediately turn the possession of all the property described in said Logan's petition over to the sheriff to be partitioned according to the practice of this court; and consented to the order consolidating the said case No. 4381, with the case begun by the said Logan, thus bringing all the necessary parties before the court in said Logan's suit for partition, and again in open court, offered to have a decree for partition entered against these defendants, J. E. Pottorff and W. M. Smith, and

the said Logan, plaintiff, refused to take such decree, and insisted on the appointment of a receiver.

"2. Because a receiver should be appointed at the suit of a cotenant out of possession seeking a partition of the common property, only when there is shown to be damages, that pending his suit for partition, his interest may be lost or wrongfully damaged, on account of mismanagement, or insolvency of the tenant in possession; and, it is admitted in open court by the plaintiff that the defendants are solvent and able to respond in damages, or otherwise, for any injury to the plaintiff's rights as a tenant in common with the defendants; and because the defendants offer the plaintiff judgment bringing the property and all the plaintiff's interest under the immediate protection of the court."

On the same day the court heard the testimony of witnesses for and against said motion. There was practically no conflict in the testimony except in the matter of the value of the property, the defendants contending that it was not very valuable and the plaintiff that it was, and it was shown that the property had not been damaged in any way; that the mine was new, just in process of development; that there were no words or acts on the part of the defendants to depreciate, damage, or destroy the property.

At the close of the testimony the court made an order overruling the motion to vacate the order appointing the receiver. The defendants excepted and bring the cause here by petition in error and case-made urging three grounds for a reversal of said cause:

"1. The court erred in overruling and denying the motion for plaintiffs in error to set aside and vacate the order appointing a receiver.

"2. That the decision of the court in overruling said motion was against the evidence of the case and the weight of evidence and contrary to law.

"3. The court committed error of law occurring during the trial of the issues on said motion and excepted to at the time by plaintiff in error."

This brings us to consider paragraphs one and six, section 518, Comp. Stat. 1921, providing for receivers in cases of this character, which read as follows:

"First: In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or funds, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured. * * *

"Sixth: In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

These paragraphs of this section are the only provisions that could be invoked in the case we are considering, and in order to appoint a receiver under them, the pleadings, facts, and circumstances, relied upon must bring the petitioner and the cause within one of the classes therein designated. It appears from the record that the plaintiff asked for a receiver to be appointed, that he owned an undivided one-half interest in the leasehold property and the defendants would not allow him to take any part in developing and operating the lead and zinc mine, and he alleged that they had made a threat that they would blow it up before he should have any part in it, and they asked that the property be sold and the proceeds of the sale divided. The defendants in their suit asked that the property be sold and the proceeds divided according to the interests of the parties. The parties were present in court and the court took no testimony before making the order. There was no showing that the property or interest of the plaintiff was in danger of being lost, removed, or materially injured, or that the defendants were insolvent or any other fact bringing them within the pale of the statute, and yet the court announced the appointment of a receiver. It was at that time and just after the announcement that the attorney for the defendants stated that they desired to withdraw their offer in their written answer to permit the property to be sold in a partition sale. It does not appear that the court permitted the withdrawal of their answer. They had asked for a sale in their suit against the plaintiff, and it also appears that three days after the order was announced appointing the receiver the defendants filed their motion to set the order aside, and in their motion insisted on their tender of judgment and sale of the property, and also insisted that there was no loss or damage to the plaintiff on account of mismanagement or insolvency of the defendants, and the record shows that the court heard the testimony for and against this motion and there was no conflict in the testimony that supported the facts set out in the motion and still the court overruled the motion and continued the receivership in force.

There must be always an urgent necessity for the appointment of a receiver. 23 R. C. L., page 9 of paragraph 3. But we cannot see any necessity for a receiver in this case. The defendant bank had a mortgage on the plaintiff's interest in the property but made no appearance in the receivership proceedings, and it does not appear that their interest in this proceeding would be prejudiced, one way or the other, and the other parties were asking for judgment and tendering judgment to each other for an undivided one-half interest in the property, and the court being in session there is no reason why the court could not have taken the testimony as to the equities of the case and adjusted all matters between the parties without delay and without the expense of the receivership.

The mine was already greatly embarrassed by the expense of development and the defendants had expended a great deal of money under their contract with McConnell, in opening it up, and to appoint a receiver would increase their burden of expense and further embarrass the adventure.

We think the general rule is stated in Tardy's Smith on Receivers, volume 1, page 478 (2nd Ed.) as follows:

"Receivers are frequently appointed in suits ror partition, but ordinarily in a partition suit there is less occasion for the appointment of a receiver than in a foreclosure proceeding since the person in charge of the property having an interest in it can be charged in the final judgment with the amounts of the rents received by him. The party applying for the appointment in a partition suit must show a clear case and that his rights will be jeopardized unless the receiver is appointed. In other words it is essential in cases of this sort, as in other classes of cases, that it appear to be reasonably necessary to a preservation of the rights of the parties that the receiver be appointed."

It appears that the plaintiff relies also upon the sixth paragraph of said section to sustain his contention for the receivership, yet we cannot see where this provision could have any application.

The other cases referred to must be cases not mentioned in the other provision of the section. One is where the cotenant in possession excludes the other from possession, but this could not be applied to the case we are considering, for the reason the defendants were in possession by contract with the assignor of the plaintiff and of which he had notice, and which provides that they shall have the possession and expend certain money in developing the property.

Another case is where the cotenant is in possession and managing the property and is insolvent. But it is not claimed that the defendants in the case at bar were insolvent.

Another case is where the cotenants are in such a state of ill will toward each other as to interfere with successful management of the business, but there is no such hostility in this case before us. The failure of the adventure is based upon other causes, and other reasons are given for the appointment of a receiver.

In Tardy's Smith on Receivers, volume 1, page 484, we have this rule:

"In a suit for partition where the tenant in possession is insolvent such insolvency coupled with actions on his part which tend to endanger the preservation of the property, make a case appropriate for the appointment of a receiver. In fact the insolvency of the person in possession or collecting the rents and profits of the property which is the subject of the partition suit would be one of the strongest arguments for the appointment of the character just mentioned."

Again, same author, paragraph 190, page 485, says:

"The court will not appoint a receiver over property which is the subject of a partition suit merely because the care of the property invokes a considerable expense, such as in the case of a mining property with machinery and the usual equipment upon property of that character."

In the case of Heinze v. Kleinschmidt, 25 Mont. 89, 53 Pac. 927, a mining case somewhat similar to this case, the court says:

"That a court of equity has power in cases like the present to appoint a receiver, is well settled. But in any case where an appointment is sought there must be shown a legal or equitable right, reasonably clear and free from doubt, attended with danger of loss. Smith, Rec., secs. 315, 317, and cases cited; High, Rec., secs. 606, 607. The duties of a court, however, in the exercise of this power are exceedingly delicate, and should be exercised with great caution, lest in the effort to protect the subject of the litigation the property would be illegally taken from one rightfully in possession, and his rights and interests sacrificed without any redress whatever. Id. Taking charge of property in the exercise of this power is somewhat analogous to the levying of an execution in limine, and subjecting the property to expenses and charges pending litigation, and to this extent consuming it entirely; hence the power should never be used unless it be reasonably clear that no injury will result to the parties whose rights are for the time being invaded. As

between tenants in common, as stated in the text of Mr. Smith, at section 317, supra, the grounds of appointment usually are: (a) Where one cotenant is in possession and excludes his cotenants from participation in the possession or income; (b) where the tenant in possession is insolvent and refuses to account to his cotenant; (c) where one tenant refuses to join his cotenant in the execution of necessary leases for the property owned in common, or interferes in the collection of rents with the tenants in possession; (d) where the court can see from the showing made that the appointment of a receiver is required in order to properly protect the interests of parties.' The case at bar does not come within any of these rules, nor has any case been cited by counsel wherein a different rule has been applied. It seems that it would be entirely inequitable to allow plaintiffs to surrender the property here involved into the possession of the court merely because its care involves considerable expense. Under the presumptions usually indulged in favor of the legal title, the plaintiffs, Finlen, and the Allport heirs, except Kelly, are, for the purpose of this appeal, tenants in common. Under section 592 of the Code of Civil Procedure, fixing the status of such estates, and as construed with reference to mining claims in Anaconda Copper Min. Co. v. Butte & Boston Min. Co., 17 Mont. 519, 43 Pac. 924; Mining Co v. Esler, 18 Mont. 174, 44 Pac. 523; Connole v. Mining Co., 20 Mont. 523, 52 Pac. 263; Harrigan v. Lynch, 21 Mont. 36, 52 Pac. 642, and Butte & Boston Consol. Min. Co. v. Montana Ore-Purchasing Co., 25 Mont. 87, 63 Pac. 825, each of these parties has the right to have the property stand as it is until it is finally partitioned. It would therefore require a much clearer showing than is here made to justify a court in invading this right, and mining the property through a receiver, for any purpose."

Discussing this subject in construing a statute similar to ours, the Montana Supreme Court, in Hickey v. Parrot, Silver & Copper Co., 46 Mont. 375, says:

"Unless the case falls within the provisions of subdivision 6 of section 950 of the Code of Civil Procedure, the receiver should not have been appointed. By that subdivision, courts may appoint receivers in all cases 'where receivers have heretofore been appointed by the usages of courts of equity.' Has it been the usage to appoint receivers in a case like the one at bar? Is there any principle or doctrine in equity which justifies the appointment? Argument would seem needless, for it is plain that these two questions must be answered in the negative. The power to appoint a receiver is to be exercised sparingly, and not as of course. A strong showing should be made, and even then the authority must be exercised with conservatism and caution. The object of

the exercise of the summary and extraordinary remedy of appointing a receiver is primarily to protect the subject-matter of the controversy from removal, waste, or injury during progress of the action, and to preserve it intact for final disposition by the court according to the rights and priorities of the parties entitled. It is particularly serviceable when there is danger that the subject-matter may be wasted or destroyed, impaired, injured, or removed during the progress of the suit. The object is to secure the funds for the party found upon final hearing to be entitled and to produce as little prejudice as possible to any of those concerned. When one party has a clear right to the possession of property, and when the dispute is as to the title only, the court is always slow to disturb the possession. Being a power which practically deprives the rightful owners, as well as unlawful claimants, of the possession of property, and it being necessary to its usefulness and value as a remedy that it be exercised in a peremptory way and without a full and final hearing upon the merits, it is to be resorted to with unusual caution, and only for preventing 'manifest wrong imminently pending,' or where the case clearly shows that the complaining party would be in danger of suffering irreparable loss if it were refused.' Pierce v. Pierce, 55 Mich. 625, 22 N. W. 8; Cassetty v. Capps, 3 Tenn. 524."

The plaintiff contends that this case comes within the provision of paragraph six of our statute, citing White on Mines and Mining Remedies, sections 351 and 632; and Tardy's Smith on Receivers, volume 1, page 481, section 186. The rules laid down by these authors in the sections cited do not apply to the instant case for the lack of facts to bring the case within the purview of the rules.

The plaintiff contends that, inasmuch as the record shows that the application for a receiver was submitted to the court upon the pleadings in said consolidated cause, and upon the statements of counsel for the respective parties, and that there is nothing in the record as to what the statements of counsel were, the court cannot review the order; but in this case this argument is highly technical. The pleadings show the contentions of the parties, and at the time the court announced the appointment of the receiver, defendants' counsel made a statement not inconsistent with the pleadings and in no way consenting to the appointment or compromising objections to the appointment, and the journal entry was made and entered after verbal announcement, and taking all these facts and circumstances into consideration, we are warranted in concluding that the journal entry refers to the pleadings and statements of counsel as

shown by the record, and that there were no statements made by defendants' counsel compromising their opposition to the appointment.

The plaintiff further contends that the pleadings are sufficient to authorize the appointment of a receiver, but we cannot agree with this contention, and it would serve no useful purpose to pursue the argument further, as what has already been said is sufficient to meet this objection. The cases cited by plaintiff have no application here, as we view the pleadings, motion to vacate, the order appointing receiver, and the testimony on the hearing of the same. We think the trial court abused its discretion in appointing the receiver in the case, and we recommend that the cause be reversed and the district court is hereby directed to vacate the order appointing the receiver and take such further proceedings in the case not inconsistent with this opinion.

By the Court: It is so ordered.