[Civ. No. 5014. Second Appellate District, Division One.—April 2, 1925.]

CHARLES EDGAR SMITH, Appellant, v. TITLE IN-SURANCE & TRUST COMPANY (a Corporation) et al., Respondents.

[1] APPEAL — DELAY IN FILING TRANSCRIPT — MOTION TO DISMISS GRANTED.—Where a delayed transcript has been filed prior to the hearing of the motion to dismiss the appeal, but not until after notice given of motion to dismiss, such filing constitutes no defense to the motion, with a possible exception when the facts establish the existence of reasonable grounds excusing the delay; and on this motion to dismiss an appeal for delay in filing the transcript within time, the appellant has made no showing, within this rule, of legal excuse for his delay.

(1) 4 C. J., p. 470, n. 7, p. 472, n. 9, p. 475, n. 28, p. 587, n. 84.

MOTION to dismiss appeal from a judgment of the Superior Court of Los Angeles County. Frank C. Collier, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Geo. D. Meiklejohn, C. H. Scharinkow and Augustus Tilden for Appellant.

Elias V. Rosenkranz for Respondents.

CONREY, P. J.—Respondents on February 9, 1925, served and filed notice of motion to dismiss the appeal "upon the ground that neither the transcript on appeal nor appellant's opening brief" were served or filed within the time prescribed by law and the rules of the court. The appeal is from a judgment entered after the court had sustained a demurrer to the third amended complaint, in an action to recover on a money demand against a decedent's estate. As it appeared from the clerk's certificate that the appeal should have been made to the supreme court, the same was transferred to the supreme court; whereupon the supreme court made its order retransferring the cause to this court. Thereafter the motion to dismiss was brought on for hear-

ing and was submitted on March 13. As the time for filing brief does not begin to run until the transcript has been filed, the only delay which we need to consider is the delay in filing the transcript.

Notice of appeal from the judgment was filed in the superior court on the twenty-seventh day of September, 1924. Therefore the time for filing transcript expired on November 6, 1924.

The motion is based upon the certificate of the county clerk and upon an affidavit of Elias V. Rosenkranz, attorney for respondent. In this affidavit it was stated that appellant served on defendants his transcript on appeal on December 12, 1924, and deposited said transcript with the clerk of this court on the seventeenth day of January, 1925, but down to and including February 9, 1925, had not paid the filing fee therefor, and the transcript remained unfiled; that as early as the eighth day of December, 1924, affiant had informed the attorney for appellant that he would move to dismiss the appeal "unless the transcript as corrected is served upon me within the next few days"; that on the thirtieth day of January, affiant addressed a letter to plaintiff's attorney stating that unless the opening brief was served and filed within the next week, he would make a mo-. tion to dismiss the appeal.

Affidavits in opposition to the motion were made by Augustus Tilden, one of the attorneys for appellant, and by R. M. Ferguson. Tilden stated that "seasonably after the perfecting of the appeal" he made an agreement with a printing company which agreed to print and file the transcript in due time; that it had in its employ a Mr. Ferguson who claimed to be qualified to superintend the printing and filing of the transcript according to the rules, and affiant relied upon him so to do; that on the day when the filing was due, Mr. Ferguson reported to affiant that the transcript was not ready for filing; that affiant instructed Ferguson to procure an extension from Rosenkranz; that later on the same day Ferguson reported to affiant that Rosenkranz had granted such extension on certain conditions as to the contents of the transcript; that affiant agreed to these conditions which increased the size of the transcript by about eighty-three pages; that the extension granted was not in writing and not definite as to time; that pending

the printing of the transcript some delay in providing for payment of the same was experienced; that on January 24th, Mr. Ferguson reported to affiant that the transcript had been paid for and filed, but that the filing fee had not been provided for; that a few days later Ferguson reported to affiant that appellant had assured Ferguson that the filing fee would be forwarded by him immediately to the clerk; that a few days later Ferguson reported to affiant that the clerk of this court had informed him, that while he had no record of the receipt of the fee, he was not aware of the delinquency of any fee of any transcript filed by Mr. Ferguson; that in fact Ferguson had inadvertently deposited the transcript with the clerk of the supreme court and his inquiry as to the payment of the fee was inadvertently directed to the clerk of the supreme court; that immediately after January 24th, affiant commenced the preparation of the opening brief; that on February 2d affiant received from Mr. Rosenkranz the letter referred to in the Rosenkranz affidavit; that affiant industriously tried to comply with the terms of the Rosenkranz letter; that by the end of the week ending February 7th, affiant had prepared and placed in the hands of the printer about two-thirds of the brief; that on February 7th or February 9th, prior to service of the moving papers on this motion, affiant had "notified Mr. Rosenkranz' office" of the progress made in preparing the brief and assuring its filing in the early part of the ensuing week.

From a counter-affidavit of Mr. Rosenkranz, the following appears: That on about the fifteenth day of November, Ferguson did inform affiant of his employment to print the transcript on appeal, and asked for an extension of time for the service and filing thereof; that affiant told Ferguson that he was willing to wait for several days upon the printer for the preparation of the transcript, and did request that certain pleadings be included in the transcript; that Ferguson agreed to have the transcript printed and served and filed within the next few days; that about November 20th, the transcript was served upon affiant by the printer, and that the same contained a number of errors; that on November 22d affiant addressed a letter to Tilden requesting the correction of said errors and a reservice of the same as corrected and insisted that the matter be taken care of

properly; that the transcript was not served upon affiant until December 12th, four days after said letter of December 8th; that said transcript was not actually left with the clerk of either the superior court or the supreme court until January 17th and no fee was paid; that affiant did not know that no fee had been paid until a few days prior to serving and filing the motion to dismiss herein; that affiant in making his demands concerning the prompt filing of appellant's brief was ignorant of the fact that the transcript had not been filed; that affiant on January 30th wrote his letter to Tilden demanding the filing of the appellant's opening brief within the next week, but said brief was not served on affiant until the week following the period allowed by the letter; that the transcript on appeal contains only the judgment-roll and could seasonably have been prepared within a week.

The fee for filing transcript was not tendered to the clerk by appellant until the twenty-first day of February. Filing has been withheld to await disposition of this motion.

Appellant contends that he should be relieved from the consequences of his delay in filing transcript, and that he should have the benefit of the principle recognized by section 473 of the Code of Civil Procedure, which provides that the court may, upon such terms as may be just, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, where the case is appropriate for such relief; and that in a case where such relief would be granted directly on motion, the court should refuse to dismiss the appeal. Appellant refers to *Chapman* v. *Bank,* 88 Cal. 419 [26 Pac. 608], and *Barbour* v. *Flick,* 121 Cal. 425 [53 Pac. 927], as cases in which the stated principle was applied in the denial of motions to dismiss appeals. In *Chapman* v. *Bank* the delay in filing transcript was only ten days beyond the time limited by the rules, and had been occasioned by the fact that the attorney for appellant had been called out of the state by reason of the illness of his mother. The court held that appellant should be relieved from the consequences of his delay. In *Barbour* v. *Flick,* the motion was based upon a delay in filing brief, which delay had been caused by excusable mistake in counsel's understanding of a stipulation concerning the brief.

The facts shown by the record and affidavits herein establish a case of persistent neglect in the prosecution of the appeal, without satisfactory extenuating circumstances. The attorneys for appellant, and appellant himself, continued their delay after they had full knowledge of the lack of payment of the filing fee and the lack of filing the transcript. Section 752 of the Political Code expressly requires the collection, in advance, of a fee of ten dollars for the filing of a transcript on appeal.

There is no merit in the suggestion that respondents are estopped to take advantage of the default because of the letter of Rosenkranz to Tilden, in which he impliedly consented to a few days' further delay in the filing of the brief for appellant. The affidavit of Rosenkranz shows that at the time he wrote that letter he understood that the transcript had been filed. [1] Where a delayed transcript has been filed prior to the hearing of the motion to dismiss, but not until after notice given of motion to dismiss, such filing constitutes no defense to the motion, with a possible exception when the facts establish the existence of reasonable grounds excusing the delay. (*Carter* v. *Paige*, 77 Cal. 64 [19 Pac. 2].) Appellant has made no showing, within this rule, of legal excuse for his delay. (*Erving* v. *Napa Valley Brewing Co.*, 16 Cal. App. 41 [116 Pac. 331].)

The appeal is dismissed.

Curtis, J., concurred.