## SAM JOHNSON et al. v. IVER JOHNSON.

(L.R.A.—, —, 164 N. W. 327.)

**Rented land — proceeds of — conversion — action to recover for — cotenants — between — possession by cotenant sought to be held liable — consent of others — assumpsit — accounting.**

An action for a share in the proceeds of rented land, which is based on the theory of conversion, will not lie on behalf of several cotenants against another cotenant who was in the uninterrupted possession of the land, and who rented it to a third party, when the possession of the cotenant sought to be held liable was without any protest on the part of the plaintiffs, and there was no attempt by him in any way to oust the plaintiffs, and the plaintiffs at no time prior to the demand for their share of the rental set up any claim to share in the possession. Actions, however, in the nature of assumpsit or for an accounting will lie.

Opinion filed July 25, 1917. Rehearing denied September 24, 1917.

Action in trover for the proceeds of property rented to a third person by a cotenant.

Appeal from the County Court of Cass County, *A. G. Hanson,* J. Judgment for defendant. Plaintiffs appeal.

Affirmed.

Statement of facts by Bruce, Ch. J.

This is an action for the conversion of wheat and wood grown on a 40-acre tract of land in Ransom county, North Dakota, during the inclusive years, 1911 to 1915, the title to the land being in the name of all of the parties to the action including the defendant. The complaint is the ordinary one in conversion, and alleges "that the plaintiffs herein are the owners and entitled to the immediate possession of certain personal property, to wit, 284 bushels of wheat and 18 cords of wood, being five sixths of the crop sown, grown, and harvested and of the wood cut" on the land in question and during the years 1911 to 1915 inclusive; that on or about the 11th day of April, 1916, the defendant, then being in possession of said grain and wood, or the proceeds thereon, wrongfully converted the same to his own use. A demand is then alleged to have been made of the defendant on the 12th day of April, 1916, for said property, or the proceeds thereon, and a refusal is alleged.

The facts of the case are substantially these: On January 21, 1911, Malene Johnson died intestate the owner of 40 acres of land. The plaintiffs and defendant are the children and grandchildren of the decedent. A decree of heirship was made by the county court of Cass county on April 11, 1916, on plaintiffs' petition. The defendant, Iver Johnson, is a son of the decedent, and is the owner of an undivided one sixth of the real property. The plaintiffs are the owners of the remaining undivided five sixths. Prior to her death, Malene Johnson had rented the land for a number of years, and upon her death, the defendant, who was at home with his mother, continued to look after the land and rented it upon the same conditions that his mother had rented it. There is no proof or offer of proof that the plaintiffs have ever been in possession of the land,—at least not since their mother's death, nor that they have ever taken any part in the farming or leasing of it, or ever asserted any right to occupy, or claimed any interest in the rents and profits until April 11, 1916, the date of decree of heirship. The decree of heirship purports to vest the title to the rents and profits in controversy in the several parties and in the proportions given. It is clear, however, that this portion of the decree can have no effect, because the rents and profits in controversy arose after the death of the decedent, did not belong to her, and the court had no jurisdiction

over them. The plaintiffs alleged that on the 12th day of April, 1916, they made the demand, and that the conversion took place on the 11th day of April, 1916. There is no evidence showing any wrongful act on the part of the defendant in excluding the plaintiffs from the possession of the land. The evidence merely tends to show that after the death of his mother, and during the years 1911 to 1915 inclusive, he rented the land and received the profits of such rental or a portion of the crops, and that he sold these crops.

*J. V. Backlund,* for appellants.

Evidence tending to prove a fact must be submitted to the jury, however slight it may be. Alabama G. S. R. Co. v. Hill, 93 Ala. 514, 30 Am. St. Rep. 65, 9 So. 722; Flemming v. Marine Ins. Co. 4 Whart. 59, 33 Am. Dec. 33; Rodgers v. Stophel, 32 Pa. 111, 72 Am. Dec. 775.

It is competent, relevant, material, and admissible though it may not be such as of itself to establish a fact, if it is such that the jury may, in connection with it and other facts properly alleged, make a finding respecting some issue material to the cause. Cleveland, C. C. & I. R. Co. v. Closser, 126 Ind. 348, 9 L.R.A. 754, 22 Am. St. Rep. 593, 3 Inters. Com. Rep. 387, 26 N. E. 159; Clark v. Patapsco Guano Co. 144 N. C. 64, 119 Am. St. Rep. 931, 56 S. E. 858; 10 R. C. L. p. 927, ¶ 89.

In admitting testimony, the court does not conclusively adjudge that the evidence establishing its competency is sufficient fully to prove the requisite fact. It simply declares that there is some evidence tending to make the testimony competent. Cleveland, C. C. & I. R. Co. v. Closser, supra; 10 R. C. L. p. 927, ¶ 89.

Where one cotenant actually receives money from a third person for the use of the common property, he is liable to the other cotenants for all that he receives over and above his just share. 7 R. C. L. p. 826, ¶ 22; Tarleton v. Goldthwaite, 23 Ala. 346, 58 Am. Dec. 296; Pico v. Calumbet, 12 Cal. 414, 73 Am. Dec. 550; Goodenow v. Ewer, 16 Cal. 461, 76 Am. Dec. 540; McCord v. Oakland Quicksilver Min. Co. 64 Cal. 134, 49 Am. Rep. 686, 27 Pac. 863; Crane v. Waggoner, 27 Ind. 52, 89 Am. Dec. 493; Coleman v. Hutchenson, 3 Bibb, 209, 6 Am. Dec. 649; Nelson v. Clay, 7 J. J. Marsh. 138, 23 Am. Dec. 387; Hudson v. Coe, 79 Me. 83, 1 Am. St. Rep. 288, 8 Atl. 249; Israel v.

Israel, 30 Md. 120, 96 Am. Dec. 571; Flack v. Gosnell, 76 Md. 88, 16 L.R.A. 547, 35 Am. St. Rep. 413, 24 Atl. 414; Peck v. Carpenter, 7 Gray, 283, 66 Am. Dec. 477; Fenton v. Miller, 116 Mich. 45, 72 Am. St. Rep. 502, 74 N. W. 384; Bates v. Hamilton, 144 Mo. 1, 66 Am. St. Rep. 407, 45 S. W. 641; Izard v. Bodine, 11 N. J. Eq. 403, 69 Am. Dec. 595; McPherson v. McPherson, 33 N. C. (11 Ired. L.) 391, 53 Am. Dec. 416; Puckett v. Smith, 5 Strobh. L. 26, 53 Am. Dec. 686; Early v. Friend, 16 Gratt. 21, 78 Am. Dec. 649, 14 Mor. Min. Rep. 271; Ward v. Ward, 40 W. Va. 611, 29 L.R.A. 449, 52 Am. St. Rep. 911, 21 S. E. 746.

Generally trover will not lie in favor of one tenant against another except where one acquires and retains exclusive possession of the common property with intent to appropriate it to his own use or otherwise to deprive the other cotenant of its equal use and benefit. The rule that conversion will not lie in such cases has, however, no application to such articles or commodities as are readily divisible by sale, or measure into portions exactly alike in quality. 7 R. C. L. p. 894, ¶ 91; Weeks v. Hackett, 104 Me. 264, 19 L.R.A.(N.S.) 1201, 129 Am. St. Rep. 390, 71 Atl. 858, 15 Ann. Cas. 1156; Fiquet v. Allison, 12 Mich. 328, 86 Am. Dec. 54; Ripley v. Davis, 15 Mich. 75, 90 Am. Dec. 262.

Where one cotenant in possession of such common property uses more than his share or refuses to allow the other to take his share, he is guilty of conversion and liable to his cotenant. Fiquet v. Allison, 12 Mich. 328, 86 Am. Dec. 54; Pickering v. Moore, 67 N. H. 533, 31 L.R.A. 698, 68 Am. St. Rep. 695, 32 Atl. 828; Loomis v. O'Neal, 73 Mich. 582, 41 N. W. 701; 7 R. C. L. p. 824, art. 17.

The injured cotenant may hold the other liable in an action of trover. 7 R. C. L. p. 886, art. 82; Carter v. Bailey, 64 Me. 458, 18 Am. Rep. 273; Tuttle v. Campbell, 74 Mich. 652, 16 Am. St. Rep. 652, 42 N. W. 384; Rains v. McNairy, 4 Humph. 356, 40 Am. Dec. 651; Ashland Lodge v. Williams, 100 Wis. 223, 69 Am. St. Rep. 912, 75 N. W. 954; Grigsby v. Day, 9 S. D. 585, 70 N. W. 881; 7 R. C. L. p. 896, art. 93 and cases cited.

Attempt has been made to distinguish between the sale of a chattel and a tortious destruction, but this is not correct. There is a difference in the meaning of the terms, but their legal effect upon tenants in

common is the same, and trover will lie for either in favor of the injured party. 7 R. C. L. p. 986, art. 93.

When a person has been wrongfully deprived of the possession of personal property, he may elect either to sue to regain possession of sue in conversion for the value thereof. 9 R. C. L. p. 967, art. 14; Woodruff v. Zaban & Son, 133 Ga. 24, 134 Am. St. Rep. 186, 65 S. E. 123, 17 Ann. Cas. 974; Greer v. Newland, 70 Kan. 310, 70 L.R.A. 554, 109 Am. St. Rep. 424, 77 Pac. 98, 78 Pac. 835; Bradley v. Brigham, 149 Mass. 141, 3 L.R.A. 507, 21 N. E. 301; Putnam v. Wise, 1 Hill, 234, 37 Am. Dec. 309; Baird v. Howard, 51 Ohio St. 57, 22 L.R.A. 846, 46 Am. St. Rep. 550, 36 N. E. 732.

*Pierce, Tenneson, & Cupler,* for respondent.

It was incumbent upon plaintiffs to show the nature of the testimony of their witnesses and that the answers sought to be elicited would be material to the issues. No offer was made to show any wrongful act on the part of the defendant with reference to the crops. There is not even an intimation in the record of any wrongful appropriation or conversion. Regan v. Jones, 14 N. D. 595, 105 N. W. 613; Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841; Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554, 113 N. W. 872; Soules v. Brotherhood of American Yeomen, 19 N. D. 23, 120 N. W. 760; Van Cise v. Pratt, 26 S. D. 194, 128 N. W. 619.

Defendant acted in good faith, and he has the right to set off against any claim plaintiffs may have for a share of the crops or the proceeds thereof, the plaintiffs' proportion of taxes and repairs and improvements paid by him. If defendant can be sued in tort, he loses the right to counterclaim and to have all matters of dispute settled between them. 7 R. C. L. pp. 837 et seq.; Gage v. Gage, 28 L.R.A. 829, and note, 66 N. H. 282, 29 Atl. 543; Schuster v. Schuster, 29 L.R.A.(N.S.) 224, and note, 84 Neb. 98, 120 N. W. 948, 18 Ann. Cas. 1078; Comp. Laws 1913, §§ 7165, 7168, 7449.

Plaintiffs have mistaken their remedy. They should have sued in assumpsit or by an action in equity for an accounting. Comp. Laws, 1913, §§ 5264, 5265, 5718; 7 R. C. L. pp. 820 et seq.; 38 Cyc. 14 et seq.

One cannot complain of the mere possession of a cotenant so long as he refrains from setting up any claim to share in that possession. 7 R. C. L. pp. 829, 830.

Cotenants may be made to account for the use and occupancy or for rents and profits to each other. Gage v. Gage, 66 N. H. 282, 28 L.R.A. 829, 29 Atl. 543; Schuster v. Schuster, 84 Neb. 98, 29 L.R.A. (N.S.) 224, 120 N. W. 948, 18 Ann. Cas. 1078.

A cotenant is not liable for the value of the use and occupancy of real estate, in the absence of agreement or ouster of his cotenant. Schuster v. Schuster, 84 Neb. 98, 29 L.R.A.(N.S.) 229, 120 N. W. 948, 18 Ann. Cas. 1078, and cases cited; Cheney v. Ricks, 187 Ill. 171, 58 N. E. 234; McCrum v. McCrum, 36 Ind. App. 636, 76 N. E. 415; Williamson v. Jones, 43 W. Va. 562, 38 L.R.A. 694, 64 Am. St. Rep. 891, 27 S. E. 411, 19. Mor. Min. Rep. 19; Ayotte v. Nadeau, 32 Mont. 498, 81 Pac. 145; Pico v. Columbet, 73 Am. Dec. 550 and note, 12 Cal. 414.

"One who sows, cultivates, and harvests a crop upon the land of another is entitled to the crop as against the owner of the land, whether he came into possession of the land lawfully or not, provided he remains in possession till the crop is harvested." Comp. Laws 1913, § 7166; Nash v. Sullivan, 32 Minn. 189, 20 N. W. 144; 12 Cyc. 977; Shepard v. Pettit, 30 Minn. 119, 14 N. W. 511; Calhoun v. Curtis, 4 Met. 413, 38 Am. Dec. 380; 15 Cyc. 206.

This is true of a tenant in common who is in the sole possession of the land. His interest in the crop grown thereon is not that of a tenant in common of a specific chattel; but on the contrary as soon as he appropriates it he has a good title thereto and a sale thereof will pass complete title to the purchaser. 7 R. C. L. 823, 834, 835, 887.

Even if plaintiffs had title to a portion of the crops they could not maintain conversion, because defendant came into possession of them lawfully, and he never refused to deliver possession of the crops to them, and no claim to any interest in the crops was made until after the crops had been sold. 38 Cyc. 84; Olin v. Martell, 83 Vt. 130, 138 Am. St. Rep. 1072, 74 Atl. 1060; Waller v. Bowling, 12 L.R.A. 266 and note, 108 N. C. 289, 12 S. E. 990.

BRUCE, Ch. J. (after stating the facts as above). The principal question to be determined is whether one or many tenants in common may sue, on the theory of conversion, another tenant in common, who has been uninterruptedly and peaceably in the possession of the premises,

and without any protest on the part of the other tenants, for the interest of the said tenants in the crops raised on said land, or the rental thereof, or whether the action, if any, should be an action in the nature of accounting or assumpsit, or whether in fact any action at all exists.

"The decided preponderance of the authorities, both in England and in America, affirms the right of each cotenant to enter upon and hold possession of the common property, and to make such profit as he can by proper cultivation or other usual means of acquiring benefit therefrom, and to retain the whole of such benefits, provided that in having such possession, and in making such profits, he has not been guilty of an ouster of his cotenant, nor hindered the latter from entering upon the premises and enjoying them as he had a right to do. One tenant in common cannot be deprived of the right to use and enjoy the common property because his cotenants are willing to let the property lie idle, or fail or refuse to set up any claim to it; and while he is thus left in sole possession, he may manage the common property in any way he pleases, provided he does not injure his cotenant. He may cultivate or improve the property, and he is permitted to enjoy the fruits of his own labors, unless that result involves some infringement upon the rights of his cotenants who stand off and forbear to make any use of the property. The tenant out of possession may at any time assert his right to share in the possession, or he may have the property partitioned by a division among the cotenants in severalty, each taking a distinct part according to the extent of his interest. He cannot complain of the mere possession of a cotenant so long as he refrains from setting up any claim to share in that possession." 7 R. C. L. p. 829.

The rule, however, seems to be that if the tenant in possession receives rent from a third person he must account to his cotenants for their proportion thereof. There is some question and confusion in the authorities as to whether the action of assumpsit will lie in such cases and as to what the measure of damages will be. See note to Schuster v. Schuster, 29 L.R.A.(N.S.) 224 (84 Neb. 98, 120 N. W. 948, 18 Ann. Cas. 1078). We are satisfied, however, that this matter is immaterial, and that either an action in accounting or in assumpsit will lie. In an action of assumpsit he could be held liable as for money had and received to the amount of the interest of his cotenants, but could, of course, offset against that sum taxes paid and other legitimate expenses

incurred. This, of course, could be done in an action of accounting, and whether an accounting should be resorted to or not depends largely upon the complexity of the transactions and the accounts. McCaw v. Barker, 115 Ala. 543, 22 So. 131; Dorrance v. Ryon, 35 Pa. Super. Ct. 180.

There is, indeed, a serious question whether the plaintiffs in the case which is before us have any right to recover at all. The original rule of the English common law was that "where one cotenant occupied the common property and took the whole profit, the other had no cause of action against him unless the acts of the occupant amounted to an ouster of his companion, or unless the occupant held under an agreement by which he became bailiff for the other as to his share. . . . The lack of any suitable means of redress, when one cotenant had received more than his share of the rents and profits, led to the enactment of the Statute of Anne (4 & 5 Anne, chap. 16). Under its provisions, one cotenant became the bailiff of the other by receiving more than his share, and could be called to account; but, as interpreted by the courts of England, he could be held to account only when he received more than his share from *another person.*" Ayotte v. Nadeau, 32 Mont. 498, 81 Pac. 145.

A number of the states have specifically adopted the Statute of Anne, but among these are not to be found the state of North Dakota. And some states, noticeably Montana, have gone even further and provided that, "if any person *shall assume and exercise exclusive ownership over,* or take away, destroy, lessen in value or otherwise injure or abuse any property held in joint tenancy or tenancy in common, the party aggrieved shall have his action for the injury in the same manner as he would have if such joint tenancy or tenancy in common did not exist." Mont. Code Civ. Proc. 1895, § 592, as amended by Laws 1899, p. 134. See Ayotte v. Nadeau, supra.

It is not necessary for us, however, to pass upon the proposition whether, if the land had not been rented to a third person, any recovery could be had, as in the case before us the land was rented to a third person. Even then, however, we are confronted with the question whether the rule of the Statute of Anne exists in North Dakota. We hold that it does, and we hereby adopt it. It is not only inherently

38 N. D.—10.

just, but it was thoroughly ingrafted into the common law of England more than a century and a half before the state of North Dakota was created, and at least half a century before the Declaration of Independence. If, then, we adopt the general principles of the common law in regard to tenancies in common, and we have nothing in our statute in relation thereto, we should surely adopt the modification that was made by this statute.

The cases, however, in which trover will lie against the tenant in common are only those in which something has been done to destroy the common property, or there has been a direct and positive exclusion of the cotenant in common from the common property. Waller v. Bowling, 12 L.R.A. 261, and note on page 266 (108 N. C. 289, 12 S. E. 990).

The defendant came into possession of the property lawfully, and no claim to any interest was made until April, 1916, after it had been sold. Olin v. Martell, 83 Vt. 130, 138 Am. St. Rep. 1072, 74 Atl. 1060.

As has been suggested by counsel for respondent, to hold that a tenant in common who is rightfully occupying the common property, protecting the interest of absent cotenants by keeping the property in a state of cultivation, paying taxes, and making repairs and improvements, and renting the property so as to make it productive, is liable to be mulcted in conversion by a returning cotenant in after years, would not only be unjust, but would be ruinous to the agricultural interests of the state. If, indeed, one purchasing crops thus grown by a cotenant, or acquiring liens thereon, does so at the peril of having a cotenant return in after years to sue him in conversion, as he might if the tenant in possession was likewise liable, the occupying tenant would find it difficult to dispose of his crop and finance his farming operations, and many tracts of land would lie idle.

We therefore hold that the theory and nature of the action should be that of assumpsit or accounting, and not that of trover or conversion.

We, of course, realize that all common-law forms have been abolished in North Dakota by the statute. The substance, however, remains. Essential differences do not depend upon forms and always outlive them, and the distinctions between the various theories of actions involved are essential and fundamental.

The judgment of the County Court is affirmed.